IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DALE ALVERSON, #132 431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-349-WHA-JTA |
| ) | [WO] |
| THE INTERNAL REVENUE ) | |
| SERV., et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed the above-styled action. As discussed below, because plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) and failed to pay the filing fee when he filed his complaint, this case should be dismissed without prejudice.

## I.   BACKGROUND

While incarcerated, Plaintiff has previously brought three federal civil actions that were dismissed for failure to state claim upon which relief may be granted: (1) *Alverson v. Microsoft Corp. et al.*, Case No. 2:11-CV-526-AKK-JEO (N.D. Ala. 2011); (2) *Alverson v. Microsoft Corp. et al.*, Case No. 2:10-CV-2696-LSC-JEO (N.D. Ala. 2010); and (3) *Alverson v. Jefferson Cty., Ala. et al.*, Case No. 2:08-CV-363-SLB-JEO (N.D. Ala. 2008).

On June 8, 2022, Plaintiff filed a civil action in this Court. Doc. No. 1. Plaintiff alleges that Defendants have withheld his income taxes in violation of due process and equal protection and seeks a tax refund as relief. *Id.* at 5.

## II.   DISCUSSION

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  When a prisoner has three or more strikes under this rule and fails to pay the filing fee when he brings the suit, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The three-striker cannot pay the filing fee *after* he has initiated the suit to cure his failure to pay said fee *at the time* he initiated the suit. *Id.* Further, § 1915(g) contains an exception for prisoners who are "under imminent danger of serious physical injury." The prisoner "must be under imminent danger of serious physical injury[] . . . at the time he filed his complaint[]." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (per curiam) (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)).

Here, Plaintiff had amassed three "strikes" under § 1915(g) at the time he filed his complaint but failed to pay the filing fee. Furthermore, Plaintiff has not alleged that he is in imminent danger of serious physical injury.  Accordingly, this case is due to be dismissed.

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon initiating this case.

It is further

ORDERED that, **on or before August 3, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of July, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE